JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CORRINE FUENTES, individually and on behalf of all others similarly situated

Plaintiff,

v.

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, and DOES 1-25,

Defendant.

Case No. 2:23-cv-03295-SPG-JPR

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 18]**

Before the Court is Plaintiff Corrine Fuentes's Motion to Remand or, Alternatively, to Initially Compel Defendant to Produce Jurisdictional Discovery ("Motion"). (ECF No. 19 ("Mot.")). Defendant Housing Authority of the City of Los Angeles ("Defendant" or "HACLA") opposes the motion. (ECF No. 31 ("Opp.")). Having considered the parties' submissions, the relevant law, the record in this case, and the hearing on the Motion, the Court GRANTS the Motion.

I.      **BACKGROUND**

On March 24, 2023, Plaintiff Corrine Fuentes filed a class action complaint ("Complaint") in the Los Angeles County Superior Court against Defendant.  (ECF No. 3-1, "Compl.").  The Complaint alleges that, during a year-long data breach of Defendant's computer system, hackers gained unauthorized access to the private identifying information ("PII"), including full names, social security numbers, dates of birth, and financial account numbers, of Plaintiff and other individuals who receive Defendant's housing services.  (*Id*. ¶¶ 12–13).  Defendant discovered the data breach on December 31, 2022.  (*Id*. ¶ 9).  Plaintiff and others did not receive notice of the data breach until March 2023.  (*Id*. ¶ 16).  Plaintiff alleges the notices were untimely and deficient because, among other failures, they failed to provide basic details concerning the breach, security measures used to store the PII, and whether the PII has been further disseminated.  (*Id*. ¶ 17).  Additionally, Plaintiff alleges that, because of Defendant's failure to prevent the breach, timely identify and report the breach, and timely notify affected parties, she and the class of individuals she seeks to represent have been harmed.  (*Id*. ¶¶ 29–30).  The Complaint asserts six state law causes of action against Defendant and Does 1-25 and defines the proposed class as follows: "[a]ll adult and minor residents of California whose PII was compromised as a result of the data breach into HACLA's computer network announced on or about March 10, 2023."  (Compl. ¶ 38).

On May 2, 2023, Defendant timely removed this case to the district court pursuant to 28 U.S.C. §§ 1332(d) and 1453.  (ECF 3 ("NOR")).  Defendant's Notice of Removal ("NOR") asserts this Court has subject matter jurisdiction over the dispute under the Class Action Fairness Act ("CAFA") because this case is "a civil putative class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) there is minimal diversity between at least one class member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000."  (*Id*. ¶ 15).  Defendant has also attached to the NOR, as Exhibits C and D, two separate unserved complaints for two separate civil suits that have been or will be brought against Defendant by plaintiffs other than Plaintiff in this

1   case.  *See* (*id.* ¶ 10, ECF Nos. 3-3, 3-4).  Based on these two complaints, as well as certain
2   documents in Defendant's possession the nature of which Defendants have not specified,
3   *see* (NOR ¶¶ 11–12), Defendant asserts that the potential class includes "thousands of out
4   of state citizens that receive benefits from Defendant, who are potential members of the
5   class." (*Id.* ¶¶ 9–11).

6       On May 31, 2023, Plaintiff filed the present Motion requesting the case be remanded
7   back to the Los Angeles County Superior Court or, alternatively, that the Court compel
8   Defendant to produce jurisdictional discovery.  (ECF No. 19 ("Mot.")).  Defendant
9   opposed, (ECF No. 31 ("Opp.")), and Plaintiff timely replied.  (ECF No. 36 ("Reply")).

10  **II.    LEGAL STANDARD**

11      A civil action brought in state court may be removed by a defendant to the district
12  court if, at the time of removal, the case is one over which the district court has original
13  jurisdiction.  28 U.S.C. § 1441(a).  CAFA confers original jurisdiction to the district courts
14  in any class action in which any member of a class of plaintiffs is a citizen of a state
15  different from any defendant, the amount in controversy exceeds $5,000,000, and the
16  number of members of all proposed plaintiff classes is at least 100.  28 U.S.C. § 1332(d).
17  "Through CAFA, Congress broadened federal diversity jurisdiction over class actions by,
18  among other things, replacing the typical requirement of complete diversity with one of
19  only minimal diversity." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 882 (9th Cir.
20  2013) (citing § 1332(d)(2)).

21      When removing a case to federal court under CAFA, the removing defendant bears
22  the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d
23  1190, 1195 (9th Cir. 1988).  The removing defendant's notice of removal need only include
24  "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and the
25  allegations of minimal diversity may be based on "information and belief." *Ehrman v. Cox*
26  *Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).  "The pleading 'need not contain
27  evidentiary submissions.'" *Id.* (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135
28  S. Ct. 547, 551 (2014)).

1        Once removed, a plaintiff may seek remand by making either a "facial" or "factual"

2  attack on the defendant's jurisdictional allegations in the notice of removal.  *Harris v. KM*

3  *Indus., Inc.*, 980 F.3d 694, 699–700 (9th Cir. 2020).  "A facial attack accepts the truth of

4  the defendant's allegations but asserts that they are insufficient on their face to invoke

5  federal jurisdiction." *Id.* (internal quotations omitted).  "A factual attack contests the truth

6  of the allegations themselves." *Id.*  Where a plaintiff seeks remand of the action by

7  mounting a "factual" challenge to the removing defendant's jurisdictional allegations, the

8  burden is on the removing defendant to provide "competent proof" showing by a

9  preponderance of the evidence that the jurisdictional requirements are satisfied. *Id.* at 701.

10 For minimal diversity, the removing defendant should "be able to allege affirmatively the

11 actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

12 857 (9th Cir. 2001).  Although a plaintiff may present evidence in support of a factual

13 attack, the plaintiff "need only challenge the truth of defendant's jurisdictional allegations

14 by making a reasoned argument as to why any assumptions on which they are based are

15 not supported by the evidence." *KM Indus.*, 980 F.3d at 700.  When determining

16 jurisdiction based on a factual attack, the court may view evidence beyond the complaint

17 and need not presume the truthfulness of the removing parties' allegations. *See Safe Air*

18 *for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

19 **III.   DISCUSSION**

20       The Motion contends that this case should be remanded back to the Los Angeles

21 County Superior Court because Defendant has failed to satisfy its statutory burden of

22 showing minimal diversity to invoke federal jurisdiction under CAFA.[1]  *See* (Mot. at 6).

23 Specifically, Plaintiff argues that Defendant has failed to provide competent proof of its

24 assertion that the proposed class includes citizens of states other than California. *See* (*id.*

25 at 5).  Plaintiff also argues that, even if Defendant established minimal diversity, the home

26 state exception under 28 U.S.C. § 1332(d)(3) and 1332(d)(4)(B) renders CAFA federal

27

28 [1] Neither party disputes that Plaintiff's motion to remand is timely and that the putative
class action satisfies CAFA's requirements for amount-in-controversy and numerosity.

1   jurisdiction improper.[2]  (Mot. at 9–16).  In the alternative, Plaintiff requests jurisdictional

2   discovery.  (*Id.* at 17–18).

3       **A.    Type of Jurisdictional Challenge**

4           As an initial matter, the parties dispute whether Plaintiff mounts a facial or factual

5   challenge to the jurisdictional allegations in Defendant's notice of removal.  *See* (Opp. at

6   10 ("Plaintiff raises a facial challenge to [Defendant's] jurisdictional allegations . . . .);

7   Reply at 5–6 ("Here, Plaintiff explicitly questions the factual basis of Defendant's

8   jurisdictional allegations . . . .").  In the Motion, Plaintiff alleges that there is no minimal

9   diversity and challenges the evidence supporting Defendant's notice of removal, namely

10  the reasonableness of Defendant's assertion that non-citizens are included in the putative

11  class based on its statement that "thousands of out of state citizens received benefits from

12  Defendant, who are potential members of the class."  *See* (Mot. at 16; NOR ¶ 11).  In

13  opposition, however, Defendant refers to this as a "facial challenge" because, in

14  Defendant's view, Plaintiff is attacking the "legal adequacy of [Defendant's] notice of

15  removal.  (Opp. at 10).  In reply, Plaintiff contradicts Defendant's position, arguing that

16  "Plaintiff explicitly questions the factual basis of Defendant's jurisdictional allegations,"

17  requiring the stronger evidentiary showing of "competent proof" of minimal diversity.

18  (Reply at 6).

19

20

21  _____

22  [2] Congress has provided exceptions to CAFA jurisdiction, which allow, and in some
    circumstances require, the district court to decline to exercise jurisdiction.  28 U.S.C. §
23  1332(d)(3)–(4); *see King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th
    Cir. 2018) ("The statute includes a number of exceptions that require a federal district court
24  to decline jurisdiction even if the above requirements were met.").  The purpose of the
    exceptions is to allow truly intrastate class actions to be heard in state court.  *Adams v. W.*
25  *Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020).  "[T]he party seeking remand
26  bears the burden to prove an exception to CAFA's jurisdiction."  *Serrano v. 180 Connect,*
    *Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007).  Here, because the Court determines
27  Defendant has failed to establish minimal diversity, it does not reach Plaintiff's alternative
28  argument that an exception to CAFA jurisdiction applies.

The Court agrees that Plaintiff has mounted a factual attack on Defendant's claims to CAFA jurisdiction. Plaintiff has not accepted the truth of Defendant's jurisdictional allegations. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." (internal quotations omitted)). The fact that Plaintiff has not "provided any facts to support her challenge to [Defendant's] allegation that it 'has thousands of out of state citizens that receive benefits from Defendant," *see* (Opp. at 10), does not preclude Plaintiff's challenge from being factual. This is because a plaintiff may mount a factual attack without introducing evidence outside the pleadings where he or she "challenge[s] the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *KM Indus.*, 980 F.3d at 700. Here, although Plaintiff does not introduce extrinsic evidence,[3] Plaintiff explicitly questions the reasonableness and truth of Defendant's allegations regarding the residence of its "805,514 possible recipients whose data may have been compromised" that Defendants contend include "thousands of out of state citizens." (Mot. at 13, 16; NOR ¶¶ 11–12).[4] Based on the facts of this case, Plaintiff's challenge constitutes a factual attack. The Court will therefore apply the higher evidentiary

---

[3] Plaintiff claims she cannot introduce evidence outside of the pleadings because the information about the citizenship of the potentially-affected class members is "solely within [Defendant's] possession." (Mot. at 17). In another related case, the Court ordered jurisdictional discovery in part because the evidence to support jurisdiction was in Defendant HACLA's possession. *Harris by & through T.H. v. Hous. Auth. of City of Los Angeles*, Case No. 2:23-cv-04339-SPG-JPR, 2023 WL 5165547, at *3 (C.D. Cal. Aug. 11, 2023). However, the Court need not order such discovery here because, as discussed below, Defendant has failed to provide competent proof of minimal diversity.

[4] For instance, Plaintiff argues Defendant does not elaborate on (1) who qualifies as a "recipient that received benefits" from HACLA, (2) at what time such recipients claimed and received benefits from HACLA, (3) whether such recipients submit PII in exchange for receiving benefits, (4) whether any PII submitted by such recipients was among the information compromised in the data breach, or (5) what types of documents reviewed by Defendant evince the existence and identity of such recipients. (Mot. at 13).

standard requiring the Defendant to submit "competent proof" that shows, by a preponderance of the evidence, that the jurisdictional requirements are satisfied. *KM Indus.*, 980 F.3d at 701.

### B.    Minimal Diversity

Minimal diversity under CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter*, 265 F.3d at 857.  A state-chartered public agency's citizenship "is governed by 28 U.S.C. § 1332," which provides that a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709, n.2 (9th Cir. 2014) (describing the difference between the citizenship of a state-chartered bank and a national bank) (quoting 28 U.S.C. § 1332(c)(1)).  For a natural person to be a citizen of a state, they "must first be a citizen of the United States." *Kanter*, 265 F.3d at 857.  Then, a natural person's state citizenship is determined not by her state of residency, but by her state of domicile—namely, "her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

Here, Defendant does not dispute that it is a citizen of California and that it "maintains its principal place of business in Los Angeles, California." *See* (Compl. ¶ 4; Opp. at 14); *see also Rouse,* 747 F.3d at 709 n.2.  However, the parties dispute whether the putative class includes at least one individual who is not a citizen of California.  Defendant argues that CAFA federal jurisdiction is proper because the Court can assume that at least some putative class members are not citizens of California because, allegedly, "thousands of out of state citizens" receive benefits from HACLA. *See* (Opp. at 9; NOR ¶ 11–12).  Defendant also has submitted the declaration of a HACLA administrator, Patricia Mendoza, who represents that HACLA "lacks data" regarding how many notices were mailed to "California citizens," but, "[h]istorically," approximately 20% of the persons living in the "public housing assistance units" are not United States citizens, and "many

1    persons" who received the mailed notices [a]re not United States citizens." (ECF No. 31-
2    1 ("Mendoza Decl.") ¶¶ 12–13) ¶¶ 12–13).

3         Plaintiff argues that Defendant has failed to meet its burden of demonstrating
4    minimal diversity because the Defendant "does not identify the state of citizenship of any
5    diverse plaintiff," even though it claims that "thousands of out of state citizens . . . receive
6    benefits from Defendant." (Reply at 4, 6). Plaintiff also challenges as unreasonable
7    Defendant's assumption based on the Mendoza declaration that minimal diversity is
8    demonstrated by Defendants' allegations regarding the mailed notices and HACLA's
9    "historica[l]" data. (Reply at 5–6). In particular, Plaintiff argues that the Mendoza
10   declaration fails to identify how many of the last known mailing addresses in its possession
11   of potential class members are located in California, has failed to provide any data to
12   support the declaration's assumption that some potential class members never lived at their
13   mailing address, and has failed to identify how many notices were sent to P.O. boxes. (*Id.*
14   at 6; *see also* Mendoza Decl. ¶ 13).

15        From its review of the parties' submissions, the Court finds Defendant's
16   representations regarding non-California citizens to be too conclusory to provide a basis
17   for establishing minimal diversity. To demonstrate minimal diversity, the Defendant must
18   "allege affirmatively the actual citizenship of the relevant parties," *see Kanter*, 265 F.3d at
19   857, and bears the burden to prove by a preponderance of the evidence that its assumptions
20   regarding citizenship are reasonable. *See KM Indus.*, 980 F.3d at 701. Here, although
21   Defendant asserts that "some of the California residents were not California citizens at the
22   time the Complaint was filed but were potentially affected by the data [breach]," *see* (Opp.
23   at 9), Defendant has not offered competent proof to support what amounts to its mere
24   speculation. Defendant's generalized allegation in the Mendoza Declaration that "many
25   persons" who received the mailing notices were not U.S. citizens does not provide a basis
26   for jurisdiction, nor does the reference in the NOR to an amorphous group of "thousands
27   of out of state citizens." (Mendoza Decl. ¶ 13; NOR ¶ 11); *Beauford v. E.W.H. Grp. Inc.*,
28   No. 1:09-CV-00066-AWI-SMS, 2009 WL 1808468, at *4 (E.D. Cal. June 24, 2009)

(declining to find minimal diversity even when the defendant performed a review of its vehicle sales that "yielded two class members from the state of Texas").  Defendant argues that a reasonable assumption from the allegations in the NOR is that at least one putative class member resides within California but is not a United States citizen.  *See* (Opp. at 9) ("This shows that some of the California *residents* who were potentially affected, who are members of Plaintiff's proposed class definition, are not California *citizens*." (emphasis in original)).  While the Court agrees that non-U.S. citizens would qualify as diverse for jurisdictional purposes, Defendant's "historical[]" allegation that 20% of public housing residents are non-citizens does not constitute compelling proof that it is more likely than not that a putative class member is not a citizen of California.  (Mendoza Decl. ¶ 12); *see Diva Limousine, Ltd. v. Uber Techs., Inc*., 392 F. Supp. 3d 1074, 1083 (N.D. Cal. 2019) (finding no minimal diversity because the defendant did not affirmatively allege plaintiff companies' citizenship and only supported its allegation that at least one of the plaintiff companies was not a citizen of California based on the statistic that "84 percent of the approximately 17,300 . . . [related] companies in the United States have their principal place of business in states other than California, and that the overwhelming majority of these companies . . . are also incorporated in states other than California" (internal citations omitted)).

The Court has no concrete allegations before it and thus cannot base federal jurisdiction upon such conjecture—especially when the present action raises issues that appear to be primarily local to California. [5]  Ultimately, Defendant asks the Court to make

---

[5] Even if Defendant had alleged sufficient facts to show minimal diversity, the Court is still not persuaded that exercising CAFA federal jurisdiction would be warranted.  Congress provided exceptions to CAFA jurisdiction "to allow truly intrastate class actions to be heard in state court."  *Adams v. W. Marine Prod., Inc*., 958 F.3d 1216, 1220 (9th Cir. 2020).  The "home state exception" accords two bases for remand: one mandatory under 28 U.S.C. § 1332(d)(4)(B) (more than two-thirds local putative class members) and one discretionary under 28 U.S.C. § 1332(d)(3) (more than one-third local putative class members).  *Id*.  While the Court would require more facts before it could determine the applicability of the home state exception, *id.* at 1222, based on the facts and circumstances of this case and

too great an inference on this record without providing the Court a sufficient factual foundation from the documents purportedly in Defendant's possession. *See* NOR ¶ 11 ("Counsel for Defendant has reviewed documents from Defendant that show that Defendant has thousands of out of state citizens that receive benefits from Defendant, who are potential members of the class in the attached Complaints, and that creates minimal diversity under CAFA"); *Tapia v. Panda Express, LLC*, Case No. CV 16-2323 DSF (RAOx), 2016 WL 10987316, at *1 (C.D. Cal. June 7, 2016) ("This information is in the sole possession of Defendants and Defendants are well-aware of whether this case is subject to mandatory remand"); *see also Harris by & through T.H.*, 2023 WL 5165547, at *3.  For example, according to Defendant, it has access to a mailing list that could inform Plaintiff and the Court whether any of the 805,514 notices were mailed out of state or to individuals who could not verify their U.S. citizenship in response to HACLA's housing eligibility questionnaire. *See* (Mendoza Decl. ¶¶ 5–10, 12).  Defendant, however, has not affirmatively alleged that even one of these 805,514 individuals is diverse, nor provided competent proof of such diversity, and thus fails to meet its burden to demonstrate CAFA federal jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Remand. It is **ORDERED** that this case is **REMANDED** to the Superior Court of California, County of Los Angeles, forthwith.

IT IS SO ORDERED.

---

nature of the proposed class, it appears likely that *at least* one-third of the putative class members—if not more than two-thirds of the putative class—are California citizens. *See Harris by & through T.H.*, 2023 WL 5165547, at *3 (noting that "it is not unlikely that [jurisdictional] discovery will reveal a similarly 'substantial cushion'" regarding the last-known mailing addresses that would justify "either the mandatory or discretionary home state exception").

1     DATED:  August 25, 2023

2                                                    _____
                                                     HON. SHERILYN PEACE GARNETT
3                                                    UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28